UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE:

ALEICIA TERRELL                                          )
                                                         )
          Debtor                                         )          Case No.: 18-20217
                                                         )          Chapter 7
*******************************                          )
ALEICIA TERRELL                                          )
                                                         )
          Plaintiff,                                     )
                                                         )
v.                                                       )
                                                         )
NAVIENT U.S. DEPARTMENT OF                               )
OF EDUCATION LOAN SERVICING,                             )
UNITED STATES DEPARTMENT OF                              )
 EDUCATION,                                              )
P&B CAPITAL GROUP, LLC, AND                              )
WESTWOOD COLLEGE,                                        )
                                                         )
          Defendants.                                    )

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Comes now, Aleicia Terrell ("Plaintiff"), by counsel, Christopher R. Schmidgall, and for her Complaint against the Defendants, Navient U.S. Department of Education Loan Servicing, Untied States Department of Education, P&B Capital Group, LLC, and Westwood College, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Aleicia Terrell, is the Debtor in this Chapter 7 bankruptcy case, who filed this case on February 2, 2018.

2. Defendants, Navient U.S. Department of Education Loan Servicing, United States Department of Education, P&B Capital Group, LLC, and Westwood College, are creditors of the Plaintiff, with respect to student loans issued to the Plaintiff.

3. Due to the closure of Westwood College, and the lack of information available to Debtor without commencing this suit and engaging in discovery, Debtor is unable to plead with

specificity which loans were taken out directly with Westwood College and are currently being collected by P&B Capital Group, LLC, and which are being serviced through Navient for the United States Department of Education.

4. While attending Westwood College, any loans subject to this litigation were originated at the direction of Defendant Westwood College's financial aid office.

5. This is a core proceeding over which the court has jurisdiction under 28 U.S.C. § 157(b) and 28 U.S.C. § 1334.

### COUNT I - Defendants' Debts Were Not "Educational Benefits or Loans"

1. Plaintiff, Aleicia Terrell (hereinafter referred to as "Ms. Terrell"), attended Westwood College, beginning on or about May 28, 2008, and continuing until on or about August 11, 2010.

2. The loans in question were disbursed directly to Westwood College for the years 2008, 2009, and 2010.

3. At the time of entering Westwood College, Ms. Terrell was promised an Associate of Applied Science degree, with a concentration in Information Technology.

4. Ms. Terrell was promised by representatives of Westwood College that upon her completion of study, she would obtain immediate job placement in her chosen field of study and that if she was unable to complete her study at Westwood College, her credits would be transferable.

5. Through her time and negative experience at Westwood College, Ms. Terrell learned that the credits she obtained through Westwood College were not eligible to be transferred to other institutions.

6. Ms. Terrell was left unable to complete her degree at Westwood College.

7. In 2009, Westwood College agreed to pay the federal government approximately seven (7) million dollars ($7,000,000.00) to settle allegations of student-aid fraud.

8. In 2011, the Veteran's Administration disqualified three (3) of Westwood College's campuses from the GI Bill Program as the Veteran's Administration found that Westwood College had engaged in erroneous, deceptive, and misleading advertising and enrollment practices. Westwood College subsequently stopped enrollment in all of their Texas campuses.

9. In 2012, the Colorado Attorney General's office investigated Westwood College for violations of the Consumer Protection Act by misleading prospective students, engaging in deceptive advertising and by failing to comply with certain consumer lending laws.

10. Westwood College subsequently reached a settlement with the Colorado Attorney General where Westwood College paid the State of Colorado two million dollars ($2,000,000.00) in penalties, restitution, attorneys fees, and costs. Westwood College was also ordered to credit another two and a half million dollars ($2,500,000.00) in restitution directly to the students who financed their tuition with Westwood College's institutional financing.

11. In 2012, Westwood College was sued by the Illinois Attorney General, Lisa Madigan, after learning that some of Westwood College's programs were not regionally accredited.

12. In 2015, Illinois Attorney General reached a settlement with Westwood College, which provided that Westwood College would pay fifteen million dollars ($15,000,000.00) towards student loans for the affected unaccredited programs.

13. On or about March 8, 2016, Westwood College ceased operations and its accreditation was revoked by the Accrediting Council for Independent Colleges and Schools.

14. Upon the closure of Westwood College, Ms. Terrell has been unable to obtain her degree, unable to transfer any of her credits from Westwood College to a different institution, and has also been refused any refund of the tuition paid by the Defendants to Westwood College.

15. Due to Westwood College's closure and fraudulent activity, it has been difficult for Ms. Terrell to obtain many of her financial and educational records.

16. As to the loans in question, they are not considered "educational" as it relates to section 221(d)(1) of the Internal Revenue Code and the debt is therefore dischargeable without review of the more stringent rules regulating the discharge of educational loans.

17. Plaintiff derived no "educational" benefit as a result of the above referenced loans due to Westwood College's closure and inability to transfer any of her credits.

18. Due to Westwood College's closure and loss of accreditation, it would be impossible for Plaintiff to derive any "educational" benefit(s) from Westwood College as she is unable to complete her degree in which she was promised and is unable to transfer any of her credits that she had previously obtained from Westwood College.

WHEREFORE, the Plaintiff, Aleicia Terrell, by counsel, respectfully requests that the Court enter an order determining that the loans issued by the Defendants are not educational, that the Plaintiff received no educational benefit(s) as a result of the referenced loans, and that the loans in question are dischargeable, and to grant such other and further relief as the Court deems appropriate.

## COUNT II - Excepting Defendants' Loans from Discharge Would Create an Undue Hardship Based on a Totality of the Circumstances

1. Plaintiff hereby incorporates by reference by proceeding paragraphs.

2. A certain number of Plaintiff's loans were taken by and through the United States Department of Education and/or Navient U.S. Department of Education Loan Servicing and were then dispersed directly to Westwood College.

3. A certain number of Plaintiff's loans were taken from Westwood College.

4. Based on information and belief, P&B Capital Group, LLC, is acting as a debt collector for a loan from Westwood College.

5. Repayment of the above-referenced loans represents an undue hardship and burden for the Plaintiff and the loans should therefore be discharged in accordance with 11 U.S.C. § 523(a)(8).

6. Plaintiff is currently unable to make any payments on this debt based on her current household income of $2,947.00 and expenses totaling approximately $2,963.00, and would not be able to maintain a "minimal" standard of living for Plaintiff and her family if she was forced to repay the loans.

7. Plaintiff's ability to repay the debt is unlikely to improve because of her financial situation and her economic outlook to obtain a job similar for higher wages is extremely unlikely.

8. Plaintiff did not receive the degree she sought by attending Westwood College, and therefore has no ability to obtain employment in that particular field.

9. Plaintiff's loans were intended to pay for an educational program leading to a degree. Westwood College's program disappeared before Plaintiff realized any educational or financial benefit and as a result, Plaintiff did not receive the bargained-for education she was promised.

10. Westwood College's disintegration was beyond Plaintiff's control and Plaintiff is now left with the undue burden of repaying loans for which she derived no educational benefit, no degree, and credits that were nontransferable.

11. Plaintiff has made a good faith effort to repay this debt, in that she disputed the loan with Navient U.S. Department of Education Loan Servicing and P&B Capital Group, LLC, after Westwood College abruptly closed.

12. Since the closure of Westwood College, Plaintiff enrolled in classes at DeVry University in order to complete her degree. Plaintiff acquired additional student loan debt as she was required to take entry level classes at DeVry University because none of her credits that she had previously obtained from Westwood College were transferrable.

13. If Plaintiff were forced to repay the loans, Plaintiff would suffer an undue hardship in that based on her current income and expenses, she cannot maintain a "minimal" standard of living for herself and her family if she were forced to repay the loan, and that her current economic and financial outlook will persist throughout her payment period of the loans, and that Plaintiff has made a good faith effort to repay her loans.

WHEREFORE, the Plaintiff, Aleicia Terrell, by counsel, respectfully requests that the Court enter an order determining that the loans in question are dischargeable as an undue burden to the Plaintiff, and to grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

By:

Christopher R. Schmidgall
LAW OFFICE OF WEISS, SCHMIDGALL AND HIRES, P.C.
Attorney ID: 23738-64
Attorney for Debtor
Six W. 73rd Avenue
Merrillville, IN 46410
(219) 736-5297

**CERTIFICATE OF SERVICE**

I certify that on May 14, 2018 service of a true and complete copy of the above and foregoing pleading or paper was made upon each party or attorney of record herein by depositing the same in the United States mail in envelopes properly addressed to each of them and with sufficient first class postage affixed.

BY: _____

Distribution:

Trustee Daniel Freeland: 9105 Indianapolis Boulevard, Highland, IN 46322

United States Trustee: ustpregion10.so.ecf@usdoj.gov

P&B Capital Group, LLC: Attention Highest Ranking Officer or Agent: 445 Center Road, West Seneca, NY 14224

Navient U.S. Department of Education Loan Servicing: Attention Highest Ranking Officer or Agent: P.O. Box 9635, Wilkes-Barre, PA 18773

Westwood College: Attention Highest Ranking Officer or Agent: 1 North State Street, Chicago, IL 60602; Attention Highest Ranking Officer or Agent: 7604 Technology Way, Suite #400, Denver, CO 80237

United States Department of Education: United States Attorney's Office: Attention Highest Ranking Officer or Agent: 5400 Federal Plaza, Suite 1500, Hammond, IN 46320

United States Department of Education: United States Attorney General: Attention Highest Ranking Officer or Agent: 950 Pennsylvania Avenue, NW, Washington, DC 20530